UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| MARIA SALDAÑA, | ) |
| Plaintiff, | ) ) ) |
| v. | ) No. 19-cv-6178 ) ) Judge Marvin E. Aspen |
| COUNTY OF COOK, | ) ) |
| Defendant. | ) |

**MEMORANDUM OPINION AND ORDER**

MARVIN E. ASPEN, District Judge:

Defendant Cook County moves to strike a supplemental expert report that Plaintiff Maria Saldaña served nine days after the deadline for expert disclosures. (Motion to Strike Plaintiff's Untimely Supplemental Disclosure ("Mot.") (Dkt. No. 59).)[1] For the following reasons, we deny the motion.

## BACKGROUND

Saldaña, who is profoundly deaf, alleges in this lawsuit that Cook County violated the Americans with Disabilities Act, the Rehabilitation Act of 1973, and the Patient Protection and Affordable Care Act when it failed to provide her with certain auxiliary aids and services during her visits to one of Cook County's hospitals. (*See generally* Amended Complaint (Dkt. No. 11).) Fact discovery closed on March 25, 2022. (Dkt. No. 50.) We gave the parties 60 days (until May 24, 2022) to provide expert disclosures, and another 60 days thereafter (until July 23, 2022) to depose experts. (*See id.*) There is no current deadline for dispositive motions, and we have not set a trial date.

---

[1] For ECF filings, we cite to the page number(s) set forth in the document's ECF header unless citing to a particular paragraph or other page designation is more appropriate.

Both parties retained experts. (*See* Dkt. Nos. 54, 55.) On May 23, Saldaña moved to extend the expert disclosure deadline by three days because one of her experts, Dr. Judy Shepard-Kegl, was experiencing a medical emergency that would prevent her from completing her report by the May 24 deadline. (Dkt. No. 52.) We granted the motion and extended the expert disclosure deadline to May 27. (Dkt. No. 53.)

On May 27, Saldaña disclosed an expert report from her other expert, Corey Axelrod (the "Initial Report"). (Dkt. No. 56 ¶ 4; Response to Defendant's Motion to Strike ("Resp.") (Dkt. No. 62 at 1–10) at 2.) Dr. Shepard-Kegl's medical emergency, however, prevented her from completing her expert report by May 27, and Saldaña moved to extend the expert disclosure deadline to May 31. (*See* Dkt. No. 56.) We granted this motion as well. (Dkt. No. 57.) Saldaña disclosed Dr. Shepard-Kegl's complete report by May 31. (Dkt. No. 56 ¶¶ 4, 5; Resp. at 3.) Meanwhile, Cook County served its expert's report on May 24. (Dkt. No. 54.)

Following these disclosures, the parties began to discuss scheduling the experts' depositions. (Dkt. No. 62 at 117–21.) The morning of June 9, Cook County noticed Dr. Shepard-Kegl's deposition for July 12 and Axelrod's deposition for July 21. (*Id.* at 114–15, 119–20.) A few hours later, Saldaña confirmed that Axelrod's deposition would proceed on July 21. (*Id.* at 117–18.)

Later that afternoon, Saldaña served a document that she referred to as Axelrod's "Supplemented Report." (Dkt. No. 58; Resp. at 4.) According to Saldaña, the Supplemented Report was necessitated by her counsel's inadvertent failure to provide Axelrod with the transcript from the deposition of one of Cook County's employees, Leonora Martin. (Resp. at 2.) Upon realizing this mistake, Saldaña's counsel provided Martin's deposition transcript to Axelrod, who reviewed it and addressed it in the Supplemented Report. (*Id.*)

2

The Supplemented Report substantively discusses Martin's deposition testimony on five different pages. (Dkt. No. 65 at 12, 19, 26, 31, 40.) This discussion added less than a page of analysis to the Initial Report. (*Compare* Dkt. No. 62 at 12–53 (Initial Report), *with* Dkt. No. 65 at 2–44 (highlighted Supplemented Report).) The Supplemented Report was accompanied by the same exhibits that accompanied the Initial Report. (Resp. at 2.)

Shortly after receiving the Supplemented Report, Cook County's counsel "claw[ed] back" the notice to depose Saldaña's expert witnesses. (Dkt. No. 62 at 117.) Cook County moved to strike the Supplemented Report the following day, June 10.

## ANALYSIS

Our analysis of Cook County's motion is governed by two Federal Rules of Civil Procedure: Rule 26(a)(2), which sets forth the disclosure requirements for expert witnesses, and Rule 37(c)(1), which "sets forth the sanction for failing to comply with Rule 26(a)'s expert disclosure requirements." *Karum Holdings LLC v. Lowe's Cos., Inc.*, 895 F.3d 944, 951 (7th Cir. 2018). We first ask whether Saldaña violated Rule 26(a)(2) when she served the Supplemented Report nine days after the May 31 deadline. If so, we then ask whether striking the report is warranted under Rule 37(c)(1). *See id.* at 950–51 (in reviewing a district court's exclusion of expert testimony, assessing the court's application of Rule 26(a)(2) first and then its reliance on Rule 37(c)(1) to exclude the testimony).

## I.  Rule 26(a)(2)

When a party retains a witness to provide expert testimony, the party must provide a report from the witness that contains, among other things, "a complete statement of all opinions the witness will express and the basis and reasons for them." Fed. R. Civ. P. 26(a)(2)(B)(i). The party must disclose this report by the court-ordered deadline for expert disclosures. *Id.* R. 26(a)(2)(D); *Karum Holdings*, 895 F.3d at 951.

3

Saldaña did not comply with Rule 26(a)(2). She was required to provide Axelrod's "complete" expert report by May 31, 2022. (Dkt. No. 57); *Salgado ex rel. Salgado v. Gen. Motors Corp.*, 150 F.3d 735, 741–42 n.6 (7th Cir. 1998). She did not do so. Indeed, Saldaña concedes that Martin's deposition testimony, which was in the record but not considered or discussed by Axelrod in the Initial Report, provides additional bases for Axelrod's expert opinions. (Resp. at 2–3, 5–6.) Nor did Saldaña seek another extension for the expert disclosure deadline so that she could timely disclose Axelrod's reliance on Martin's deposition testimony. Finally, Saldaña does not contend that the Supplemented Report was otherwise appropriate under Rule 26(e). *See* Fed. R. Civ. P. 26(e) (governing a party's duty to supplement). Saldaña therefore violated Rule 26(a)(2)'s expert disclosure requirements when she served the Supplemented Report nine days after the court-ordered May 31 deadline.

## II. Rule 37(c)(1)

Because Saldaña violated Rule 26(a)(2), we now ask whether this violation warrants striking the Supplemented Report under Rule 37(c)(1). "Rule 37(c)(1) states that if a party fails to comply with Rule 26(a), the evidence is excluded 'unless the failure was substantially justified or is harmless.'" *Uncommon, LLC v. Spigen, Inc.*, 926 F.3d 409, 417 (7th Cir. 2019) (quoting Fed. R. Civ. P. 37(c)(1)). Saldaña bears the burden of showing that her violation was either substantially justified or harmless. Fed. R. Civ. P. 37(c)(1); *Salgado*, 150 F.3d at 742.

Saldaña does not argue that her violation was substantially justified, so we consider only whether it was harmless. To determine whether a party's non-compliance with Rule 26(a) is harmless, the following factors guide our determination: "(1) the prejudice or surprise to the party against whom the evidence is offered; (2) the ability of the party to cure the prejudice; (3) the likelihood of disruption to the trial; and (4) the bad faith or willfulness involved in not disclosing the evidence at an earlier date." *Tribble v. Evangelides*, 670 F.3d 753, 760 (7th Cir.

4

2012) (quoting *David v. Caterpillar, Inc.*, 324 F.3d 851, 857 (7th Cir. 2003)). After examining these factors, we conclude that Saldaña's Rule 26(a)(2) violation was harmless.

First, the untimely disclosure of the Supplemented Report has not prejudiced or surprised Cook County. We did not authorize the parties to serve rebuttal expert reports (*see* Dkt. No. 50), so the nine-day delay in obtaining the Supplemented Report did not hinder Cook County's ability to prepare such a report. As for deposing Axelrod, the parties had scheduled his deposition for July 21. Even with two extensions of the expert disclosure deadline (which totaled a week) and the nine-day delay in receiving the Supplemented Report, Cook County still had six weeks to prepare for Axelrod's deposition. This is more than enough time for Cook County's attorneys to engage in any additional deposition preparation they felt was necessitated by the Supplemented Report, especially given the amount of information—less than a page of analysis addressing a single deposition—added by the Supplemented Report.

Cook County argues otherwise, contending that the Supplemented Report's disclosure "greatly affected [its] ability to review and prepare for [Axelrod's] deposition." (Defendant's Reply in Support of Its Motion to Strike Plaintiff's Untimely Supplemental Disclosure ("Reply") (Dkt. No. 63) at 4.) According to Cook County, it "cannot adequately assess, prepare for, and complete" Axelrod's deposition because his opinions remain unknown and incomplete. (Mot. ¶¶ 8, 10.) To support its contention that Axelrod's opinions are unknown and incomplete, Cook County points to the following statement from the Supplemented Report: "I continue to review materials and documents related to this case and reserve the right to supplement this expert report based on any additional work that I may be asked to do." (*Id.* ¶ 6; Reply at 2, 4; Dkt. No. 65 at 43.) This statement, Cook County continues, reflects a promise by Axelrod to produce

additional opinions going forward, which prevents it from "developing a cogent defense in this case." (Mot. ¶ 6; Reply at 2, 4.)

Cook County's assertions of prejudice are unavailing. For one thing, Axelrod's opinions are not unknown; they are contained in the Initial and Supplemented Reports. And Cook County had six weeks to evaluate these opinions before taking Axelrod's deposition. Although we do not doubt that Cook County's counsel relied upon the expert disclosure deadline to manage her caseload, prepare for a trial in another case, and prepare for Axelrod's deposition (*see* Reply at 3–4), she does not explain why the six weeks that still preceded the deposition was insufficient for her to adequately address the additional information disclosed in the Supplemented Report.

As for the statement that purportedly shows Axelrod's "promise" to provide new opinions, the same statement appeared in the Initial Report as well. (Dkt. No. 62 at 53.) Cook County had no issue deciding to take and schedule Axelrod's deposition after reviewing this report (*see id.* at 119–21), so it is unclear why seeing the same statement in the Supplemented Report now purportedly causes such concern. Axelrod also does not say that he will supplement his expert report further, only that he reserves the right to do so. (*See* Dkt. No. 65 at 43.) Experts often purport to reserve the right to supplement or update their opinions, just as Cook County's own expert did in her report. (Dkt. No. 63-1 at 8 ("To the extent that I am provided additional information, new data is produced, or the scope of the review is revised, [I] reserve the right to supplement and update my opinions accordingly.")); *see Agnew v. Cater*, No. 3:18-cv-50035, 2022 WL 313756, at *2 n.3 (N.D. Ill. Feb. 2, 2022) (characterizing an expert report's reservation of the right to supplement or amend opinions as "a common escape hatch that many retained experts include in their reports"). The inclusion of such language in an expert report does not make the report incomplete, and it does not prevent the opposing party from assessing

6

whether to depose the expert. True, Axelrod also stated that he continues to review materials and documents, but this is not an issue unless he relies upon this review to later provide opinions or reasoning that he did not previously disclose in his expert reports. Cook County may be prejudiced, and exclusion may be proper, *if* that happens. But Cook County cannot claim prejudice based on a possibility that may not even come to pass.

Second, even if there were any prejudice or surprise by the late disclosure, it could have been cured. Cook County could have asked Saldaña to provide a copy of the Supplemented Report that highlighted all the additions so it could more easily identify the supplemental information it had to address. Cook County also could have moved for an extension of the expert deposition deadline to accommodate any additional time it asserted was necessary to prepare for Axelrod's deposition. *See David*, 324 F.3d at 856–58 (Rule 26 violation was not prejudicial, in part, because the other party "did not seek a continuance so that it could obtain additional information" relating to the evidence). Instead, Cook County immediately moved to strike the Supplemented Report. This was Cook County's prerogative, but it does not obviate the existence of less drastic ways to cure Saldaña's late disclosure of the Supplemented Report. *See Uncommon*, 926 F.3d at 418–19 (finding that the late disclosure of an expert declaration was curable where the opposing party could have requested additional expert discovery or a deposition of the expert).

Third, the Supplemented Report's late disclosure has not disrupted the trial or other deadlines in this case. No trial date has been set, and the only other deadline in place is the July 23 expert deposition deadline. Even with the late disclosure, Cook County still had six weeks to depose Axelrod before this deadline. What is more, nothing about the late disclosure of Axelrod's Supplemented Report should have affected Cook County's ability to prepare for and

7

depose Saldaña's *other* expert, Dr. Shepard-Kegl, or Saldaña's ability to prepare for and depose Cook County's expert, by July 23.

Fourth, there is no indication that Saldaña violated Rule 26(a)(2) intentionally or in bad faith. Her counsel represents that the Supplemented Report was necessitated by her inadvertent failure to provide Martin's deposition transcript to Axelrod while he was preparing his Initial Report (*see* Resp. at 2, 7), and we have no reason to question this representation.

Because the relevant factors all weigh in favor of finding that Saldaña's Rule 26(a)(2) violation was harmless, we decline to strike the Supplemented Report under Rule 37(c)(1).

## CONCLUSION

For the foregoing reasons, Cook County's motion to strike (Dkt. No. 59) is denied. As expert discovery is now closed, the parties shall file any dispositive motions by September 7, 2022. If the parties do not intend on filing dispositive motions, they shall comply with Local Rule 16.1's instructions regarding final pretrial orders and submit a proposed final pretrial order in the form set forth in Local Rule 16.1 by September 7, 2022. *See* Form LR 16.1.4, Final Pretrial Order Form, available at https://www.ilnd.uscourts.gov/_assets/_documents/_rules/LR16%20Final%20Pretrial%20Order%20Form.pdf. The status hearing set for August 25, 2022, is stricken and reset to October 6, 2022, at 10:30 a.m. It is so ordered.

_____
Marvin E. Aspen
United States District Judge

Dated: July 27, 2022